**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEWELION YARBROUGH,**<br><br>**Defendant.** | **Case No. 3:20-CR-30091-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On July 20, 2023, Defendant Jewelion Yarbrough was sentenced to 100 months in prison after pleading guilty to three counts of Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 111). Now before the Court is Yarbrough's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c). (Doc. 115). Yarbrough argues that his sentence should be reduced pursuant to § 3582(c)(1)(A) and the "extraordinary and compelling reasons" provision of § 1B1.13(b)(3)(A) of the United States Sentencing Guidelines ("U.S.S.G."). Yarbrough also seeks a reduction under § 3582(c)(2) and Amendment 821. (*Id.*).

The Government responded on November 7, 2025, opposing Yarbrough's motion on three grounds. (Doc. 118). First, the Government asserts that Yarbrough failed to exhaust administrative remedies prior to filing his motion, as required by 18 U.S.C. § 3582(c)(1)(A). (*Id.*). Second, the Government contends that Yarbrough failed to meet his burden of showing extraordinary and compelling reasons warranting a reduction in his

sentence. (*Id.*). Finally, the Government argues that Yarbrough is not eligible for relief under Amendment 821. (*Id.*).

## Discussion

### I. Exhaustion of Administrative Remedies

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed." *See Dillon v. United States*, 560 U.S. 817, 824 (2010). There are narrow exceptions to this rule. *See* 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for a reduction in sentence ("RIS") only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Yarbrough filed his motion using a standard form motion for compassionate release. (Doc. 115). Section IV of the form is titled "Exhaustion of Administrative Remedies." (*Id.* at p. 3). There, the document instructs the inmate to "include copies of any written correspondence to and from the BOP related to your motion, including your written request to the warden and records of any denial from the BOP." (*Id.*). Although Yarbrough checked the boxes indicating that he submitted his request to the warden of his institution and that the warden denied his request, Yarbrough did not include the required correspondence in support of his motion.

Thus, Yarbrough's motion fails to establish that he properly exhausted his administrative remedies, as he provided no evidence demonstrating that he submitted

an RIS request or received a denial. Moreover, the record contradicts Yarbrough's representation that he submitted an RIS request. (Doc. 118-1, p. 1). The Warden's Secretary at USP Victorville, where Yarbrough was incarcerated, confirmed: "A review of electronically archived RIS responses dating back to 2022 indicates this inmate has not submitted an RIS request." (*Id.*). Accordingly, the Court agrees with the Government and finds that Yarbrough failed to meet the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

Only after a defendant has satisfied the administrative exhaustion requirement may the Court consider whether extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). Because Yarbrough failed to exhaust his administrative remedies, the Court need not consider whether extraordinary and compelling reasons exist as described in U.S.S.G. § 1B1.13(b)(3)(A).

**II. Amendment 821**

Yarbrough further seeks a sentence reduction under § 3582(c)(2) and Amendment 821 to the U.S.S.G. (Doc. 115). Amendment 821 provides retroactive relief in two parts. In Part A, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives one status point instead of two status points. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives no status points. *See* U.S.S.G. § 1B1.10(e)(2). Under

Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Yarbrough does not specify whether he is requesting relief under Part A or Part B of Amendment 821, but he is not entitled to a sentence reduction under either prong. With regard to Part A, Yarbrough did not receive any "status points" under U.S.S.G. § 4A1.1(e) (Doc 90, pp. 5-6). Because Part A's retroactive amendment applies only to previously assessed status points, a defendant who was not assessed status points at sentencing is not eligible for a sentence reduction under the amendment. As to Part B, Yarbrough is not a zero-point offender (as he has eight criminal history points), so he does not qualify for a sentence reduction under that prong either. (*Id.*, p. 11). Thus, his motion under § 3582(c)(2) must be denied.

## Conclusion

For these reasons, the Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) filed by Defendant Jewelion Yarbrough (Doc. 115) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 2, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**